Lenard E. Schwartzer, Trustee
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 307-2022
Facsimile: (702) 974-0976
E-Mail: Trustee@s-mlaw.com

*E-FILED ON MARCH 11, 2008*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re

MITCHELL, JOSHUA and STEPHANIE

Debtor.

BK-S-07-16226-LBR
Chapter 7

**TRUSTEE'S REPLY BRIEF RE: MOTION FOR RELIEF FROM AUTOMATIC STAY**

DATE: March 14, 2008
TIME: 10:00 a.m.

Lenard E. Schwartzer, Trustee, responds the Motion For Relief From Automatic Stay filed on the grounds that MERS is not the real party in interest in that it has no interest in the note and deed of trust except that as nominee of the true, unidentified owner. The general rule is that motions, like other contested matters, must be prosecuted by the real party in interest.

Bankruptcy Rule 9014 provides:

(c) Application of Part VII Rules.

Except as provided in this rule, and unless the court directs otherwise, the following rules shall apply: 7009, **7017**, 7021, 7025, 7026, 7028-7037, 7041, 7042, 7052, 7054-7056, 7064, 7069, 7071. The following subdivisions of Fed. R. Civ. P. 26. as incorporated by Rule 7026, shall not apply in a contested matter unless the court directs otherwise: 26(a)(1) (mandatory disclosure), 26(a)(2) (disclosures regarding expert testimony) and 26(a)(3)(additional pre-trial disclosure), and 26(f) (mandatory meeting before scheduling conference/discovery plan). An entity that desires to perpetuate testimony may proceed in the same manner as provided in Rule 7027 for the taking of a deposition before an adversary proceeding. The court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply. The court shall give the parties notice of any order issued under this paragraph to afford them a reasonable opportunity to comply with the procedures prescribed by the order.

Bankruptcy Rule 7017 adopts F.R.Civ.P. Rule 17. F.R.Civ.P. Rule 17 provides:

(a) REAL PARTY IN INTEREST.
(1) *Designation in General.* **An action must be prosecuted in the name of the real party in interest.** The following may sue in their own names without joining the person for whose benefit the action is brought:
(A) an executor;
(B) an administrator;
(C) a guardian;
(D) a bailee;
(E) a trustee of an express trust;
(F) a party with whom or in whose name a contract has been made for another's benefit; and
(G) a party authorized by statute.
(2) *Action in the Name of the United States for Another's Use or Benefit.* When a federal statute so provides, an action for another's use or benefit must be brought in the name of the United States.
(3) *Joinder of the Real Party in Interest.* The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

There is no evidence that MERS is a party with a beneficial interest in note and deed of trust which is the subject of the motion.[1] The financial institution which holds that interest may or may not be known but that financial institution is not, presently, a party to the motion.

The Bankruptcy Rules require a contested motion to be prosecuted by the "real party in interest". Unless MERS fits into that category or one of the categories ststed in F.R.Civ.P. Rule 17, it cannot prosecute a contested motion for relief from the automatic stay without bringing forward a ratification, joinder or substitution by the real party in interest.

In the case of *In re Huggins*, 357 B.R. 180 (Bankr. D.Mass. 2006), the bankruptcy court allowed MERS relief from the automatic stay. The Court failed to follow case law from New York which it said stated:

> A recent New York state court decision provides *ostensible* support for the Debtor's position that MERS, as nominee, lacks standing to enforce the mortgage outside of bankruptcy. *LaSalle Bank Nat. Ass'n v. Lamy,* 12 Misc.3d 1191(A), 2006 WL 2251721 (N.Y.2006). In that case, the court denied a foreclosure action by an assignee of MERS on the grounds that MERS had no ownership interest in the

---

1. It is more likely that MERS is, as its counsel asserts, a nominee for a financial institution which is the real party in interest.

> underlying note and mortgage but rather acted as nominee and thus did not have the power or right *to assign.* The court observed that
>
> this court and others have repeatedly held that a nominee of the owner of the note and mortgage, such as Mortgage Electronic Registration Systems, Inc. ("MERS"), may not prosecute a mortgage foreclosure action in its own name as nominee of the original lender because it lacks ownership of the note and mortgage at the time of the prosecution of the action.
> *Lamy,* 12 Misc.3d at 1191, 824 N.Y.S.2d 769.

357 B.R. at 184.

The Comments to 1966 Amendment to Fed.R.Civ.P. 17 state the purpose of the real party in interest rule is "to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata." If this Court found the deed of trust to be adequately protected or invalid there would be a question whether such a decision would bind an unnamed, unknown beneficiary of the deed of trust.

> The real party in interest requirement is an expression of the constitutional requirement of cases and controversies for jurisdiction in Federal Court. This is to insure that the **party bringing the action has a sufficient interest in the proceeding to diligently advance the case**. With narrow exceptions, there must be a personal interest, financial or otherwise, or stake in the plaintiff for the action to proceed.

*In re Golden Plan of California, Inc.*, 25 B.R. 183, 185 (Bankr. E.D.Cal. 1982)(emphasis added)..

Nevada law is the same.  It requires actions to be prosecuted by the real party in interest. In *Szilagyi v. Testa*, 99 Nev. 834, 838, 673 P.2d 495, 498 (1983)(emphasis added), it was held:

> A "real party in interest" under NRCP 17(a) is one who possesses the right to enforce the claim **and has a significant interest in the litigation**. *Painter v. Anderson,* 96 Nev. 941, 620 P.2d 1254 (1980). The question of standing is similar; it also focuses on the party seeking adjudication rather than on the issues sought to be adjudicated. *Harman v. City and County of San Francisco,* 7 Cal.3d 150, 101 Cal.Rptr. 880, 496 P.2d 1248, 1254 (1972).

MERS has no produced no evidence that it has such a personal, financial or other interest in the outcome.  What makes it obvious that MERS is not the real party in interest is that MERS would not be liable for any wrongful conduct of the mortgage lender even though it is not a holder

1  in due course.  The reality is that MERS is merely a nominee of the real party in interest but not
2  the real party in interest.
3
4  DATED:    March 3, 2008
5                                          /s/ Lenard E. Schwartzer
                                           Lenard E. Schwartzer, Trustee
6                                          2850 South Jones Blvd., Suite 1
7                                          Las Vegas NV  89146

P:\Schwartzer, Trustee\Mitchell, Joshua\Reply Brief.doc