UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| In re: | ) Case No. BK-S 08-11007 LBR |
| Michele Dart, | ) Chapter 7 |
| Debtor. | ) AFFIDAVIT OF   Cynthia A. Mech |
|  | ) |
|  | ) |
|  | ) |
|  | ) |
|  | ) |
|  | ) |
|  | ) |
|  | ) |
|  | ) |

## AFFIDAVIT OF

I, ___Cynthia A. Mech___, being first duly sworn upon oath, deposes and states as follows:

1. I am over the age of 18 years and am legally competent and able to make this affidavit, which is based upon my personal knowledge.

2. I have been appointed an Assistant Secretary of Mortgage Electronic Registration Systems, Inc. ("MERS") under a Corporate Resolution that was executed on 29th day of October, 1998. I make this affidavit in support of the Movant. I have reviewed the loan file relating to the above–referenced matter, and if called upon to testify as to the facts set forth in this Affidavit, I could and would testify competently based upon my review.

3. MERS was created by the mortgage banking industry to streamline the mortgage transfer process by using electronic commerce to eliminate paper. MERS is an innovative process that simplifies the way mortgage ownership and servicing rights are originated, sold, and tracked. It was created by the real estate finance industry and

Ex. B-1

EXHIBIT A

eliminates the need to prepare and record assignments because MERS remains the mortgagee/beneficiary when MERS members trade residential and commercial mortgage loans.

4. MERS is the named beneficiary on a Deed of Trust given by MICHELE DART, dated September 8, 2006 and recorded September 19, 2006 in the Clark County Recorder's Office, Nevada at Instrument Number 20060919-0001047 ("Dart Lien") in the original amount of $51,000. A copy of the Deed of Trust is attached hereto and marked collectively as **Exhibit B-2**. The Dart Lien encumbered property located at 5812 Lady Carolina Street, North Las Vegas, NV 89081. MERS held the lien as the beneficiary in a nominee capacity for CENTRALBANC MORTGAGE CORPORATION ("Centralbanc"). A copy of the Dart Lien is attached hereto and marked collectively as **Exhibit B-2**.

5. Centralbanc was the payee on the note executed by Dart on September 8, 2006 ("Dart Note").

6. The beneficial ownership interest in the Dart Note was sold by Centralbanc and ownership was transferred by endorsement and delivery. The Dart Note was subsequently endorsed in blank.

7. MERS was a holder of the Dart Note at the time the Motion for Relief was filed in MERS name in the bankruptcy case no. 08-11007. A copy of the Dart Note is attached hereto and marked collectively as **Exhibit B-2**.

I AFFIRM, UNDER THE PENALTIES FOR PERJURY, THAT THE FOREGOING REPRESENTATIONS ARE TRUE.

_Cynthia a neel_

By:
Assistant Secretary
Mortgage Electronic Registration Systems, Inc.

STATE OF _____ )
                                              ) SS:
COUNTY OF _____ )

        SUBSCRIBED AND SWORN to before me, a Notary Public in and for said County and State, this _____ day of _____, 2008.

_Marie_
Notary Public

My Commission Expires:_____

My County of Residence:_____

MARIE AUNGST
Notary Public - State of New York
No. 01AU5014324
Qualified in Erie County
My Commission Expires July 15th 2011

Ex. B-1

MIN: 1002336-0200608067-5                    Loan Number:

# BALLOON NOTE
## (Fixed Rate)

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE
PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. LENDER
IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL,
THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT
YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE
LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF
YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR
ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN
IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

SEPTEMBER 8, 2006                  BELLEVUE              WASHINGTON
[Date]                             [City]                [State]

5812 LADY CAROLINA STREET, NORTH LAS VEGAS, NEVADA 89081
[Property Address]

**1.  BORROWER'S PROMISE TO PAY**
In return for a loan that I have received, I promise to pay U.S. $51,000.00        (this amount is
called "Principal"), plus interest, to the order of Lender. Lender is CENTRALBANC MORTGAGE
CORPORATION, A CALIFORNIA CORPORATION (CFL # 602055661)
I will make all payments under this Note in the form of cash, check or money order. I understand that Lender may
transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under
this Note is called the "Note Holder."

**2.  INTEREST**
Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest
at a yearly rate of       10.000 %.
The interest rate required by this Section 2 is the rate I will pay both before and after any default described in
Section 6(B) of this Note.

**3.  PAYMENTS**
(A)  Time and Place of Payments
I will pay principal and interest by making a payment every month.
I will make my monthly payments on the 1st  day of each month beginning on NOVEMBER 1
2006      . I will make these payments every month until I have paid all of the principal and interest and any other
charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled
due date and will be applied to interest before Principal. If, on OCTOBER 1, 2021        , I still owe
amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
I will make my monthly payments at 13810 SE EASTGATE WAY SUITE 190,
BELLEVUE, WASHINGTON 98005
or at a different place if required by the Note Holder.

(B)  Amount of Monthly Payments
My monthly payment will be in the amount of U.S. $447.56

MULTISTATE BALLOON FIXED RATE NOTE—Single Family          DocMagic eForms  800-649-1362
FANNIE MAE UNIFORM INSTRUMENT                              www.docmagic.com
Form 3260 1/01                        Page 1 of 4

MIN: 1002336-0200608067-5                          Loan Number:

# BALLOON NOTE
### (Fixed Rate)

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE
PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. LENDER
IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL,
THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT
YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE
LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF
YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR
ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN
IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

SEPTEMBER 8, 2006                BELLEVUE              WASHINGTON
[Date]                            [City]                  [State]

    5812 LADY CAROLINA STREET, NORTH LAS VEGAS, NEVADA 89081
                        [Property Address]

## 1. BORROWER'S PROMISE TO PAY
In return for a loan that I have received, I promise to pay U.S. $51,000.00           (this amount is
called "Principal"), plus interest, to the order of Lender. Lender is CENTRALBANC MORTGAGE
CORPORATION, A CALIFORNIA CORPORATION (CFL #
I will make all payments under this Note in the form of cash, check or money order. I understand that Lender may
transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under
this Note is called the "Note Holder."

## 2. INTEREST
Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest
at a yearly rate of       10.000 %.
The interest rate required by this Section 2 is the rate I will pay both before and after any default described in
Section 6(B) of this Note.

## 3. PAYMENTS
   (A)  Time and Place of Payments
   I will pay principal and interest by making a payment every month.
   I will make my monthly payments on the  1st   day of each month beginning on NOVEMBER 1
2006    . I will make these payments every month until I have paid all of the principal and interest and any other
charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled
due date and will be applied to interest before Principal. If, on OCTOBER 1, 2021        , I still owe
amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
   I will make my monthly payments at 13810 SE EASTGATE WAY SUITE 190,
BELLEVUE, WASHINGTON 98005
                                          or at a different place if required by the Note Holder.

   (B)  Amount of Monthly Payments
   My monthly payment will be in the amount of U.S. $447.56

MULTISTATE BALLOON FIXED RATE NOTEMSingle Family
FANNIE MAE UNIFORM INSTRUMENT
Form 3260 1/01                      Page 1 of 4

DocMagic eForms 800-649-1362
www.docmagic.com

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of    10 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be     5.000     % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or

MIN: 1002336-0200608067-5                           Loan Number: ₁

# BALLOON NOTE
## (Fixed Rate)

**THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.**

SEPTEMBER 8, 2006                    BELLEVUE                    WASHINGTON
[Date]                               [City]                      [State]

    5812 LADY CAROLINA STREET, NORTH LAS VEGAS, NEVADA 89081
                          [Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $51,000.00 (this amount is called "Principal"), plus interest, to the order of Lender. Lender is CENTRALBANC MORTGAGE CORPORATION, A CALIFORNIA CORPORATION (CFL #

I will make all payments under this Note in the form of cash, check or money order. I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of     10.000 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

(A)  Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payments on the 1st day of each month beginning on NOVEMBER 1 2006 . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on OCTOBER 1, 2021 , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 13810 SE EASTGATE WAY SUITE 190, BELLEVUE, WASHINGTON 98005

or at a different place if required by the Note Holder.

(B)  Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $447.56

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

(A)  Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of  10 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B)  Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C)  Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D)  No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E)  Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or

MIN: 1002336-0200608067-5                    Loan Number: _____

## BALLOON NOTE
### (Fixed Rate)

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE
PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. LENDER
IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL,
THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT
YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE
LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF
YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR
ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN
IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

SEPTEMBER 8, 2006                    BELLEVUE                    WASHINGTON
    [Date]                                      [City]                                      [State]

    5812 LADY CAROLINA STREET, NORTH LAS VEGAS, NEVADA 89081
                      [Property Address]

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $51,000.00          (this amount is
called "Principal"), plus interest, to the order of Lender. Lender is CENTRALBANC MORTGAGE
CORPORATION, A CALIFORNIA CORPORATION (CFL # .
I will make all payments under this Note in the form of cash, check or money order. I understand that Lender may
transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under
this Note is called the "Note Holder."

**2. INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest
at a yearly rate of          10.000 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in
Section 6(B) of this Note.

**3. PAYMENTS**

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payments on the 1st   day of each month beginning on NOVEMBER 1
2006      . I will make these payments every month until I have paid all of the principal and interest and any other
charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled
due date and will be applied to interest before Principal. If, on OCTOBER 1, 2021      , I still owe
amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 13810 SE EASTGATE WAY SUITE 190,
BELLEVUE, WASHINGTON 98005
                        or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $447.56



## 4.   BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5.   LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6.   BORROWER'S FAILURE TO PAY AS REQUIRED

(A)   Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of    10 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be    5.000    % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B)   Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C)   Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D)   No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E)   Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7.   GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8.   OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or

endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9.  WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions read as follows:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)      _____ (Seal)
MICHELE P. DART              -Borrower                                    -Borrower

_____ (Seal)      _____ (Seal)
                            -Borrower                                    -Borrower

_____ (Seal)      _____ (Seal)
                            -Borrower                                    -Borrower

*[Sign Original Only]*

Loan Number:

# BALLOON ADDENDUM

THIS BALLOON ADDENDUM is made this 8th day of SEPTEMBER, 2006 , and is incorporated into and shall be deemed to amend and supplement the Note of the same date given by the undersigned ("Borrower") in favor of CENTRALBANC MORTGAGE CORPORATION, A CALIFORNIA CORPORATION (the "Lender") of the same date.

The interest rate stated on the Note is called the "Note Rate." The date of the Note is called the "Note Date." The Deed of Trust, Mortgage or Security Deed is call the "Security Instrument." I understand the Lender may transfer the Note and Addenda, and Security Instrument and Riders. The Lender or anyone who takes the Note, Addenda, Security Instrument, and Riders by transfer and who is entitled to receive payments under the Note is called the "Note Holder."

ADDITIONAL COVENANTS. In addition to the Covenants and agreements in the Note, Borrower and Lender further covenant and agree as follows (despite anything to the contrary contained in the Note or the Security Instrument:

THIS LOAN IS PAYABLE IN FULL AT MATURITY, YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Balloon Addendum.

_Michele P. Dart 9-11-06_ _____

| | |
|---|---|
| Borrower MICHELE P. DART    Date | Borrower    Date |

| | |
|---|---|
| Borrower    Date | Borrower    Date |

| | |
|---|---|
| Borrower    Date | Borrower    Date |

BALLOON ADDENDUM
05/06/05

DocMagic eRinbox 800-649-1362
www.docmagic.com

CERTIFIED AS A TRUE COPY OF
LARRY ...ORIGINAL
BY.....OF NEVADA, INC.

MIN: 1002336-0200608066-7    InterestFirst^SM NOTE Loan Number:

SEPTEMBER 8, 2006                BELLEVUE                    WASHINGTON
[Date]                          [City]                      [State]

      5812 LADY CAROLINA STREET, NORTH LAS VEGAS, NEVADA 89081
                              [Property Address]

## 1.    BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $272,000.00        (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is  CENTRALBANC MORTGAGE CORPORATION, A CALIFORNIA CORPORATION (CFL # 602055661)
I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2.    INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of      7.625 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3.    PAYMENTS

(A) Time and Place of Payments

I will make a payment every month. This payment will be for interest only for the first  120   months, and then will consist of principal and interest.

I will make my monthly payment on the  1st   day of each month beginning on NOVEMBER 1 2006            . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date, and if the payment includes both principal and interest it will be applied to interest before Principal. If, on   OCTOBER 1, 2036    , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 13810 SE EASTGATE WAY SUITE 190, BELLEVUE, WASHINGTON 98005
                                          or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $1,728.33       for the first 120  months of this Note, and thereafter will be in the amount of U.S. $2,212.05       . The Note Holder will notify me prior to the date of change in monthly payment.

## 4.    BORROWER'S RIGHT TO PREPAY      ** See attached Prepayment Note Addendum.

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date of my monthly payment unless the Note Holder agrees in writing to those changes. However, if the partial Prepayment is made during the period when my monthly payments consist only of interest, the amount of the monthly payment will decrease for the remainder of the term when my payments consist only of interest as well as during the time that my payments consist of principal and interest. If the partial Prepayment is made during the period when my payments consist of principal and interest, the amount of my monthly payment will not decrease; however, the principal and the interest required under this Note will be paid prior to the Maturity Date.



**5.   LOAN CHARGES**
If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6.   BORROWER'S FAILURE TO PAY AS REQUIRED**
    **(A) Late Charge for Overdue Payments**
    If the Note Holder has not received the full amount of any monthly payment by the end of   15
calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be
     5.000 % of my overdue payment of interest and/or principal and interest. I will pay this late charge
promptly but only once on each late payment.
    **(B) Default**
    If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.
    **(C) Notice of Default**
    If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.
    **(D) No Waiver By Note Holder**
    Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.
    **(E) Payment of Note Holder's Costs and Expenses**
    If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7.   GIVING OF NOTICES**
    Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.
    Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8.   OBLIGATIONS OF PERSONS UNDER THIS NOTE**
    If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9.   WAIVERS**
    I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10.  UNIFORM SECURED NOTE**
    This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may

be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
MICHELE P. DART          -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

[Sign Original Only]

 

Loan Number: ]

# ADDENDUM TO NOTE
## (Prepayment)

THIS ADDENDUM is made this 8th day of SEPTEMBER, 2006 , and is incorporated into and intended to form a part of the Note dated the same date as this Addendum.

1.    The Section in the Note entitled "Borrower's Right to Prepay" is modified to provide that I have the right to make payments of principal at any time before they are due.  A prepayment of all of the unpaid principal is known as a "Full Prepayment."  A prepayment of only part of the unpaid principal is known as a "Partial Prepayment."

Except as provided below, I may make a Full Prepayment or a Partial Prepayment at any time without paying any penalty.  If within the first THIRTY-SIX( 36 ) month(s) after the execution of the Note, I make a Full Prepayment or Partial Prepayment(s) of more than twenty percent (20%) of the original principal amount in a twelve month period immediately preceding the date of prepayment, I will pay a prepayment charge in an amount equal to the payment of six (6) months' advance interest on the amount prepaid which is in excess of twenty percent (20%) of the original principal amount of the Note in that twelve month period. Interest will be calculated using the rate in effect at the time of prepayment.

If I make a partial prepayment equal to one or more of my monthly payments, the due date of my next scheduled monthly payment may be advanced no more than one month.  If I make a partial prepayment in any other amount, I must still make all subsequent monthly payments as scheduled.

2.    All other provisions of the Note are unchanged by this Addendum and remain in full force and effect.

## NOTICE TO THE BORROWER
Do not sign this Note Addendum before you read it.  This Note Addendum provides for the payment of a penalty if you wish to repay the loan prior to the date provided for repayment in the Note.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this Note Addendum.

_____ (Seal)          _____ (Seal)
MICHELE P. DART                -Borrower                                    -Borrower

_____ (Seal)          _____ (Seal)
                                        -Borrower                                    -Borrower

_____ (Seal)          _____ (Seal)
                                        -Borrower                                    -Borrower

MULTI-STATE PREPAYMENT RIDER                           DocMagic eForms 800-649-1362
AHM-2034P (MULTI) 04/01/06                                  www.docmagic.com

BoA #

MIN: 1002336-0200608067-5                    Loan Number:

# BALLOON NOTE
## (Fixed Rate)

**THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE
PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. LENDER
IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL,
THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT
YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE
LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF
YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR
ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN
IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.**

SEPTEMBER 8, 2006                    BELLEVUE                    WASHINGTON
           [Date]                               [City]                              [State]

       5812 LADY CAROLINA STREET, NORTH LAS VEGAS, NEVADA 89081
                                    [Property Address]

## 1.  BORROWER'S PROMISE TO PAY
       In return for a loan that I have received, I promise to pay U.S. $51,000.00          (this amount is
called "Principal"), plus interest, to the order of Lender. Lender is CENTRALBANC MORTGAGE
CORPORATION, A CALIFORNIA CORPORATION (CFL # 602055661)
I will make all payments under this Note in the form of cash, check or money order. I understand that Lender may
transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under
this Note is called the "Note Holder."

## 2.  INTEREST
       Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest
at a yearly rate of       10.000 %.
       The interest rate required by this Section 2 is the rate I will pay both before and after any default described in
Section 6(B) of this Note.

## 3.  PAYMENTS
       **(A)  Time and Place of Payments**
       I will pay principal and interest by making a payment every month.
       I will make my monthly payments on the  1st   day of each month beginning on NOVEMBER 1
2006    . I will make these payments every month until I have paid all of the principal and interest and any other
charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled
due date and will be applied to interest before Principal. If, on OCTOBER 1, 2021           , I still owe
amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
       I will make my monthly payments at 13810 SE EASTGATE WAY SUITE 190,
BELLEVUE, WASHINGTON 98005
                                    or at a different place if required by the Note Holder.

       **(B)  Amount of Monthly Payments**
       My monthly payment will be in the amount of U.S. $447.56

---

MULTISTATE BALLOON FIXED RATE NOTE—Single Family
FANNIE MAE UNIFORM INSTRUMENT
Form 3260 1/01                         Page 1 of 4

*DocMagic* **eRunns** 800-649-1362
www.docmagic.com

**4. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

**5. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

(A) **Late Charges for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of **10** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.000** % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) **Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) **Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D) **No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) **Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or

---

MULTISTATE BALLOON FIXED RATE NOTE–Single Family
FANNIE MAE UNIFORM INSTRUMENT
Form 3260 1/01                                Page 2 of 4

*DocMagic* **800-649-1362**
www.docmagic.com

endorser of this Note is also obligated to do these things.  Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note.  The Note Holder may enforce its rights under this Note against each person individually or against all of us together.  This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9.  WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor.  "Presentment" means the right to require the Note Holder to demand payment of amounts due.  "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions.  In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note.  That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note.  Some of those conditions read as follows:

Transfer of the Property or a Beneficial Interest in Borrower.  As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may, require immediate payment in full of all sums secured by this Security Instrument.  However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration.  The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument.  If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)        _____ (Seal)
MICHELE P. DART              -Borrower                                      -Borrower

_____ (Seal)        _____ (Seal)
                            -Borrower                                      -Borrower

_____ (Seal)        _____ (Seal)
                            -Borrower                                      -Borrower


PAY TO THE ORDER OF

AMERICAN HOME MORTGAGE CORPORATION

WITHOUT RECOURSE
CENTRAL BANC MORTGAGE
CORPORATION

MONSERRATE TORRES
SHIPPER
INSOUTH FUNDING
AS ATTORNEY IN FACT FOR
CENTRAL BANC MORTGAGE
CORPORATION


PAY TO THE ORDER OF

WITHOUT RECOURSE
Bank of America, N.A.

CHRISTINA M. SCHMITT
ASSISTANT VICE PRESIDENT    [Sign Original Only]


PAY TO THE ORDER OF

Bank of America, N.A.

WITHOUT RECOURSE
BY AMERICAN HOME MORTGAGE CORP

JODI LYNCH
ASST. SECRETARY


MULTISTATE BALLOON FIXED RATE NOTE—Single Family
FANNIE MAE UNIFORM INSTRUMENT
Form 3260 1/01                              Page 4 of 4

DocMagic @Remus 800-649-1362
www.docmagic.com